H. G. WILLIAMS ET AL. v. H. EUGENE COX, ADMINISTRATOR OF
A. G. COX ET AL.

(Filed 23 March, 1927.)

**Appeal and Error — Pleadings — Evidence — Insufficient Record—New Trials.**

It appearing in this case on appeal that taking the allegations of the complaint into consideration with the indefiniteness of the record of the trial upon the question of want of authority for the cancellation of a mortgage on the books of the register of deeds creating a lien upon lands subsequently conveyed, that a disposition of the case would be unsatisfactory, a new trial is ordered.

APPEAL by the defendant Albert Williams from *Sinclair, J.*, at January Term, 1927, of DUPLIN. New trial.

*Langston, Allen & Taylor for appellees.*
*A. S. Grady and D. H. Bland for appellant.*

ADAMS, J. On 30 September, 1920, the intestate, A. G. Cox, conveyed to M. W. Pope, one of the defendants, a tract of land in Duplin County, and accepted from Pope and his wife a mortgage deed securing notes aggregating $12,200. One of these, the note sued on, was endorsed in blank by A. G. Cox, and transferred to the plaintiffs before maturity.

In 1922 Pope surrendered possession of the land to Cox, but executed no deed; and the next year Pope was adjudged a bankrupt, and the land was listed in his schedule as assets and liabilities. Some time during the latter year Pope and his wife and A. G. Cox, the mortgagee, conveyed the land to the defendant, Albert Williams. The mortgage was registered, and it is alleged by the plaintiffs that on the margin of the registry there is an entry purporting to have canceled the security, but that the purported cancellation was made without authority. D. G. Rhodes, one of the defendants, held a prior mortgage on the land securing an indebtedness of $2,000.

Two issues were submitted: (1) "Are the plaintiffs the owners and holders for value and before maturity of the note sued upon? (2) Does the mortgage securing said note, recorded in Book 217, page 574, Duplin

County, registry, constitute a valid lien upon the lands therein described?" The jurors were instructed to answer the first issue "Yes," if they found the facts to be as shown by the record evidence and testified to by the witnesses and to answer the second, "Yes" if they found the facts to be as shown by the record evidence.

The record purporting cancellation of the mortgage was not formally introduced, but the allegation of the plaintiff is that the attempted cancellation of the mortgage was unauthorized and therefore illegal and void. The objection seems to be not so much the form of the marginal entry as the want of authority to make it. Part of the record, when considered in connection with the allegations, is indefinite, and we are of opinion that a satisfactory disposition of the controversy requires a more complete development of the facts under pertinent issues and instructions, particularly with reference to the question of authority for the purported cancellation and, in view of the outstanding note, of the transfer of title to the defendant Williams.

New trial.